FILED - USDC - FLMD - ORL
MAR 13 2025 PM2:26

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN LYNCH MURRAY,

Plaintiff,

Case No. 6:24-cv-1993-CEM-DCI

v.

GOVERNOR, STATE OF FLORIDA, AND
CHIEF JUSTICE, SUPREME COURT OF FLORIDA,

Defendants.
_______________________________/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION FOR SUMMARY JUDGMENT AND FOR A HEARING ON ALL OUTSTANDING MATTERS

Comes now the undersigned Plaintiff Stephen Lynch Murray in response to this Court's March 10, 2025 Order to Show Cause for failure to file a case management report, ECF 31. The Cause is that Defendants have not indicated any dispute of the factual allegations in the Complaint, and do not indicate that there is any factual dispute needing a schedule to resolve. For this reason Plaintiff moves for Summary Judgment based on the legal arguments Plaintiff has pleaded to this point, and to proceed to setting a schedule to determine remedies/relief. The factual building blocks of Plaintiff's allegations are common knowledge in the legal community, it is just a matter of someone pointing out they constitute a violation of due process.

Plaintiff emailed Defendants a list of questions (attached herewith), the answers to which would provide an informal response summary, giving an idea which of Plaintiff's allegations the Defendants intend to dispute, and using what types of

witnesses. So that Plaintiff could plan a schedule for discovery and examination of the disputed matters. Such questions are necessary to determine the extent to which Defendants intend to dispute Plaintiff's allegations and claims, and how. The questions were designed to determine what disputes discovery will be used to resolve. Defendants could have easily answered things like "We don't think Florida deters rather than rewards state-witness perjury, and therefore we cannot provide any discovery disputing whether they do." Such an answer would not itself be discovery, but crucial to planning a schedule for discovery, any expert witnesses, and trial.

Plaintiff cannot imagine any other meaning for conferring on a schedule, than to discuss what matters are disputed and how, and therefore how much time will be needed to discover and resolve the disputes using what types of witnesses. Defendants requested Plaintiff simply provide them a schedule invented based on nothing, to which they would presumably say "yeah okay". But Plaintiff cannot in good faith participate in such fakery and charades as perhaps lawyers are accustomed to, but must assume this Court demands an honest filing (and an honest effort to deal with disputes rather than a charade under color of a legal proceeding).

Defendants responded that they refuse to detail or name any factual disputes, because this would amount to discovery which they will only provide on a discovery request. Listing disputes and the type of discovery used to litigate those disputes, is not discovery. A list or even a suggestion of the types of items to discover is not itself

discovery. And Plaintiff has no basis to demand discovery that is not needed for any legal dispute, and where there is no evidence such discovery even exists as would be necessary to support a dispute of Plaintiff's claims. Plaintiff argues there is no discovery that could support a dispute of Plaintiff's factual allegations, and Plaintiff could therefore request none much less set a schedule to examine it, until Defendants insist such controverting evidence and witnesses exist.

Defendants declined to provide any such disputes. It is Plaintiff's argument that Defendants do not and cannot dispute any of the factual allegations in Plaintiff's Complaint. And more, that the State of Florida has no scheme to mitigate state-witness perjury but a laissez faire "see no evil" attitude which encourages it. And instead spends energy looking the other way, and generally pretending. As alleged in Plaintiff's Complaint. "We can't tell you anything we know about state-witness perjury or how we mitigate it", is exactly the type of response Plaintiff's factual allegations anticipate. Plaintiff argues this "shell game" pretending they mitigate perjury without saying how, is in effect an admission to the allegations.

## CONCLUSION

Plaintiff does not believe any honest dispute of Plaintiff's factual allegations or discovery to support such a dispute is possible. Plaintiff therefore cannot pretend any honest dispute exists and set a schedule for it, but only ask here that this Court grant summary judgment and proceed to relief, based on a belief no honest dispute exists.

Defendants are OPPOSED to this Motion.

See case-management conferral emails attached.

Respectfully submitted on March 13, 2025

/s/Stephen Lynch Murray____________________
3541 US Hwy 441 S Box 141
Okeechobee, FL 34974
stephenmurrayokeechobee@gmail.com
+1 305.306.7385

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2025, I filed this document "Plaintiff's Response To Order To Show Cause And Motion For Summary Judgment And For A Hearing On All Outstanding Matters" at the US District Court in Orlando, Florida, and emailed a true and correct copy to attorney for Defendants at her provided email addresses:

Juliana.Tirado@myfloridalegal.com, Dominick.Anderson@myfloridalegal.com

Juliana Tirado
Assistant Attorney General
Florida Bar No. 1037499
Office of the Attorney General
3507 E. Frontage Road, Suite 200
Tampa, Florida 33607
Office: (813) 233-2880 | Direct: (813) 577-4526

/s/Stephen Lynch Murray____________________
3541 US Hwy 441 S Box 141
Okeechobee, FL 34974
stephenmurrayokeechobee@gmail.com
+1 305.306.7385

# Murray v Gov 6:24-cv-1993 disputes for case management [redacted]

**Stephen Murray** <stephenmurrayokeechobee@gmail.com> Mar 11, 2025, 10:50 AM (2 days ago)
to Juliana, Dominick, bcc: [redacted]

Pursuant to the Court's order in 6:24-cv-1993, I am trying to clarify the main areas of dispute to determine how much of this case is legal hearing versus production of evidence and trial of fact, and how much time it will take to resolve these disputes. Can you please provide your informal positions on the following questions which may or may not be disputes.

1) To what extent do Defendants claim the State of Florida deters rather than rewards state-witness perjury?

2) In what manner or by what mechanism does the State of Florida deter state-witness perjury, particularly when the perjury supports the state narrative or desired outcome?

3) In what manner does the State of Florida produce usable records, when state-witness perjury is discovered by local parties to cases? What records do you have and can you provide?

4) Do you agree that in the numerous Florida convictions that used jailhouse confession witnesses and were overturned by DNA, that the jailhouse confession witnesses usually lied?

5) In any Florida cases that were overturned with evidence that police and other state witnesses lied, what percentage of those witnesses were investigated and prosecuted for perjury?

6) What do Defendants think is the reliability of jailhouse confession witnesses, and the controls and investigative process to reach that reliability?

7) What do you think is the appropriate instruction or examination of or (Diaz) expert testimony about that process to provide to jurors?

8) Do you believe Florida prosecutors and state witnesses face a penalty if caught lying?

9) What evidence do you have of your position?

10) What evidence do you think should be provided to jurors, regarding this position?

11) To what extent are police prosecuted for lying in affidavits in Florida? What are the mechanisms for reliably producing and reporting Brady information, and how reliable are they? To what extent do Florida judges consider this information when determining probable cause?

12) If a Florida cop is accused of lying by a criminal suspect, such as in a civil lawsuit for collusion with the State Attorney in the investigative phase, does the Florida Attorney General or attorney for the state always protect the cop? Is this decision made based on political popularity? How is this decision made, pursuant to what investigation or policy?

13) What types of evidence do Defendants intend to produce in support of these positions?

Thanks for helping clarify the matters of dispute.

**Stephen Murray** <stephenmurrayokeechobee@gmail.com> Tue, Mar 11, 11:14 AM (2 days ago)
to Juliana, Dominick

questions continued

14) Are you aware of how many Conviction Integrity/Review Units operate in Florida, and based on what information or suspicion they begin investigation of cases? Are you aware of their process or procedure when they discover information that casts doubt on or raises suspicion about convictions, which information was not presented to jurors? At what point is any of this information made public, or available outside the office? Can you provide records of any of this activity?

**Juliana Tirado** Mar 12, 2025, 2:40 PM (17 hours ago)
to me, Dominick

Good afternoon, Mr. Murray,

I am in receipt of the Court's Order to Show Cause. If you wish to confer regarding the Joint Case Management Report, you may schedule a phone call or send a draft of a CMR with proposed dates for me to review. If you have concerns in which you believe you may need more time for discovery, we can discuss those, or they can be addressed by your proposed dates.

The questions you listed are matters for discovery and will need to be contained in a discovery request. However, I would be happy to answer questions or hear your concerns regarding potential discovery deadlines or any other questions in the Case Management Report.

**Stephen Murray** <stephenmurrayokeechobee@gmail.com> Mar 12, 2025, 3:03 PM (17 hours ago)
to Juliana, Dominick, bcc:

The questions I listed are not matters for discovery. They are questions about the extent to which you intend to dispute my allegations and claims, and how. They are questions designed to determine what disputes discovery will be used to resolve. I cannot recall any dispute in your motion to dismiss, of my factual allegations, which allegations to some extent answer the questions I listed. So that your answers do not amount to discovery, but are more like an informal response detailing which of my allegations you intend to dispute, and using what types of witnesses. In an extreme case, you might dispute none of my factual allegations, but only have a legal dispute such as about the jurisdiction of the Court. In that case we need no time for discovery.

So do you dispute any of the factual allegations in my Complaint, and using what witnesses? So that I can plan a schedule for discovery and examination of your position in the disputed matters?

Thanks,

**Stephen Murray** <stephenmurrayokeechobee@gmail.com> Wed, Mar 12, 3:11 PM (17 hours ago)
to Juliana, Dominick

If you cannot provide any opinion on the factual allegations 1) that the State of Florida rewards rather than prosecutes state-witness perjury, 2) does not allow consideration of this information by the finder of fact , and 3) does not have any process to mitigate state-witness perjury but to frustrate such mitigation an obfuscate it, I will file a motion for summary judgment based on the lack of any factual dispute, and given the legal due process arguments I have made. I will ask for a hearing to "show cause" where the cause is there is no factual dispute needing any schedule to resolve.

Do you oppose such a motion? And if so, do you oppose it based on a dispute of facts, and what facts, and by what witness or evidence do you intend to dispute them?

**Juliana Tirado** Mar 12, 2025, 3:39 PM (16 hours ago)
to me, Dominick

Hello Mr. Murray,

Since you seem to have misunderstood the Court's order, I have attached the Case Management Report template from Judge Mendoza's web page. Please let me know if you wish to schedule a phone call to discuss proposed deadlines. Again, I would be happy to answer any questions or concerns you have regarding the report.

Sincerely,

**Stephen Murray** <stephenmurrayokeechobee@gmail.com> Mar 12, 2025, 3:43 PM (16 hours ago)
to Juliana, Dominick, bcc:

Obviously I cannot say how long discovery will take, what experts I hope to present, or how many days any trial will take, without knowing what disputes those time periods will be used to resolve. I would gladly set everything to one day based on the idea that you do not have any factual disputes, except that I cannot in good faith participate in such a charade.

# Confer - Murray v Gov 6:24-cv-1993 - Motion for Summary Judgment [redacted]

**Stephen Murray** <stephenmurrayokeechobee@gmail.com> Mar 12, 2025, 4:25 PM (15 hours ago)
to Juliana, Dominick, bcc: [redacted]

Please indicate opposition to Plaintiff moving for summary judgment, as for example in the attached motion draft.

Thank you,

Stephen Murray

---

**One attachment** • Scanned by Gmail

**Juliana Tirado** Mar 12, 2025, 4:59 PM (15 hours ago)
to me, Dominick

Hello Mr. Murray,

Your Motion for Summary Judgment is inappropriate at this time as there is currently still a pending Motion to Dismiss in this case. As stated in my Motion to Dismiss, the Court, for the purposes of reviewing the Motion, accepts all allegations as true and construes them in the light most favorable to the Plaintiff. This case has not yet reached a stage where we can take a position on factual disputes.

Sincerely,

**Stephen Murray** <stephenmurrayokeechobee@gmail.com> Mar 12, 2025, 5:33 PM (15 hours ago)
to Juliana, Dominick

You are not being asked to file a legal response with the Court, you are compelled to confer as to what the matters of dispute are for the purposes of setting a schedule. If you have no factual disputes you can stipulate to that, rather than waste the resources of the Court as if the facts are in dispute.

The Rules require that by the time of your dispositive motion, you have some sense whether you dispute the factual allegations. I am not sure how you can even make legal arguments for dismissal without having in mind the factual allegations supporting the claims. I imagine you would have made some opposition to the facts if you had any, given your opportunity in your Motion to Dismiss.

If you are still hoping your clients are immune, they can be enjoined based on "some scintilla of enforcement by the relevant state official with respect to the challenged law" (City of Austin v. Paxton, 943 F.3d 993, 1002 (5th Cir. 2019)), and you have not disputed that they have this role.

I grant leave, if you wish, to supplement your Motion to Dismiss with a stipulation that you do not dispute any of the factual allegations in the Complaint and only argue for dismissal based on legal arguments.

Or if you have some dispute of the facts, you can put then in your response to the Motion for Summary Judgment.

I did not make the rule that we have to make some effort to set a schedule, and that requires you to provide some information inescapably necessary as an input into that schedule, not as a legal filing. You can tell your clients they are irresponsible in their offices, for having nothing to say about whether the State of Florida mitigates state-witness perjury and how.

Stephen Murray