# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**STEPHEN LYNCH MURRAY,**

          **Plaintiff,**

**v.**                                                    **Case No: 6:24-cv-1993-CEM-DCI**

**GOVERNOR, STATE OF FLORIDA,**
**CHIEF JUSTICE, SUPREME COURT**
**OF FLORIDA,**

          **Defendants.**

_____

# REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this civil rights case against the Governor of the State of Florida and the Chief Justice of the Supreme Court of Florida (collectively, Defendants) under 42 U.S.C. § 1983.  Doc. 1.  Pending before the undersigned is Defendants' Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Doc. 29.  Plaintiff has filed a Response in opposition to the Motion to Dismiss but the Court has since issued an Order for Plaintiff to show cause why the case should not be dismissed because no Case Management Report has been filed in accordance with the Court's Initial Report.  Doc. 31.  (the Order to Show Cause).  Plaintiff filed a "Response to Order to Show Cause and Motion for Summary Judgment and for a Hearing on All Outstanding Matters."  Doc. 32.  The Court has also referred the Motion for Summary Judgment to the undersigned.

_____

1

Upon due consideration, the undersigned recommends that the case be dismissed for several reasons and the Motion for Summary Judgment be denied as moot or, alternatively, as premature.

## I.    Discussion

## A.    Motion to Dismiss

Defendants argue that the Court should dismiss the case because there is an Eleventh Amendment bar to Plaintiff's claims, Plaintiff lacks standing to bring his claims, and Plaintiff fails to state a claim upon which relief may be granted. Doc. 29.

### 1.    Allegations in the Complaint

Plaintiff's pleading is a sweeping complaint about the justice system and how the judicial and executive branches of government have permitted perjury throughout the criminal justice system in Florida. Doc. 1. Plaintiff names only the Governor and the Chief Justice of the Supreme Court of Florida but seeks declaratory and injunctive relief to "enjoin all present and future agents of the State of Florida from holding criminal hearings or spending taxpayer funds enforcing criminal-law orders, which are designed and created by Florida law without such process as is due to deter and mitigate perjury, in violation of enumerated and traditional rights and national contracts and subverting the jurisdiction of this Court, until such illegal processes are cured[.]" Doc. 1 at 1 to 2. Plaintiff then lists the "cure" which includes "[e]stablishing a politically-independent SEC-like institution" and "[e]stablishing standards and rules[.]" *Id*. at 2.

As such, the crux of Plaintiff's Complaint is that the "Florida process" allows for perjury. Indeed, after one hundred pages of allegations, Plaintiff sums up this action as follows:

> Plaintiffs sues the State of Florida over the laws of the state of Florida which create processes that violate rights without due process, with the Governor and Justice and Respondents and Remedy targets, jointly and severally for all claims. Plaintiff objects to any recommendation that a federal court does not have jurisdiction to

regulate the criminal justice activity of the State of Florida, or to be petitioned to do so. Plaintiff is not suing a cop who lied, in supposed violation of state policy. Plaintiff is suing over the state policy that lets him lie. Plaintiff doesn't have to go through any nonsense about suing individual actors who violated state capacity to get around the 11th Amendment, because state criminal justice processes are subject to federal orders from end to end, petition, appeal, ex parte young, whatever. Prosecutors who choose to reward and not prosecute perjury are not violating state law, rather state law lets them violates due process. To the extent actual actors are necessary as remedy targets, at the very least, Plaintiff can enjoin the Supreme Court and Governor as necessary to stop Florida violating federal law.

Doc. 1 at 103 to 104.

Overall, Plaintiff lists three claims: "Fourteenth Amendment Right to Due Process," "Contract with Plaintiff as Taxpayer and Citizen," and "Public's Right to be Summoned as Jurors." Doc. 1 at 4.

### 2. Immunity

Defendants request dismissal of the case based on immunity. The Eleventh Amendment bars suits by private individuals against a state in federal court unless the state consented to be sued, waived its immunity, or Congress abrogated the state's immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) (citations omitted). The immunity "bars suits against state officials in federal court seeking retrospective or compensatory relief but does not generally prohibit suits seeking only prospective injunctive or declaratory relief." *Summit Medical Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999).

Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. § 1983 cases and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions. *Henry v. Fla. Bar*, 701 Fed. App'x 878, 880 (11th Cir. 2017). Accordingly, to the extent Plaintiff seeks retrospective injunctive or declaratory relief, the claims are barred by the Eleventh Amendment.

So, that leaves the question of whether Plaintiff's claims fall within the parameters of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908). Under the *Ex Parte Young* doctrine, "a suit

alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) (citations omitted). The doctrine is called a legal "fiction" because it "creates an imaginary distinction between the state and its officers, deeming the officers to act without the state's authority, and, hence, without immunity protection, when they enforce state laws in derogation of the Constitution." *Summit Medical*, 180 F.3d at 1336-37 (citations omitted).

While confusing, it appears that it may be Plaintiff's position that he does not need to rely on *Ex Parte Young* to bring his claim for prospective relief. *See* Doc. 1 at 103. In any event, since Plaintiff is a *pro se* litigant and it is not entirely clear whether Plaintiff is relying upon *Ex Parte Young*,[2] the undersigned will address whether the exception applies. Under *Ex Parte Young*, a litigant must bring his case "against the state official or agency responsible for enforcing the allegedly unconstitutional scheme." *Osterback v. Scott*, 782 Fed. App'x 856, 858-59 (11th Cir. July 30, 2019) (quoting *ACLU v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993)). "But the *Ex parte Young* doctrine applies 'only to ongoing and continuous violations of federal law'—a plaintiff 'may not use the doctrine to adjudicate the legality of past conduct.'" *Locke v. Canady*, 2024 U.S. App. LEXIS 258, at *3-4 (11th Cir. Jan. 5, 2024) (quoting *Summit Medical*, 180 F.3d at 1337). And "when determining whether a suit falls within this exception, we need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id*. (quoting *Verizon Maryland Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)).

---

[2] In Plaintiff's Response to the Motion to Dismiss, he discusses *Ex Parte Young* and the Eleventh Amendment and seems to contend that he can bring a claim for prospective relief. *See* Doc. 30 at 9.

The undersigned is not convinced that Plaintiff can proceed under the *Ex Parte Young* exception. Plaintiff's claims are riddled with conclusory statements, and he fail to clearly allege (1) an unconstitutional scheme; (2) an ongoing violation of federal law; or (3) Defendants' responsibility to enforce any unconstitutional scheme. Plaintiff speaks of the lack of regulation over perjury, but Plaintiff does not make a connection to a violation of a federal law. Namely, when Plaintiff states that his contract as a citizen was "violated" and there is a "public right to be summoned as a juror," Plaintiff does not specify under what law he seeks relief.

Further, whatever the unconstitutional scheme may allegedly be, the undersigned cannot find in Plaintiff's 341-paragraph complaint exactly where Plaintiff states how the Governor or the Chief Justice of the Supreme Court of Florida are responsible for the enforcement of that scheme. "A state official is subject to suit in his official capacity when his office imbues him with the responsibility to enforce the law or laws at issue in the suit." *Grizzle*, 634 F.3d at 1319.

From what the undersigned can tell, the closest Plaintiff gets to setting forth Defendants' responsibility is under the "Claims and Relief" section of the Complaint where Plaintiff states:

> Defendants are therefore The Governor of Florida, the Supreme Court of Florida. . . in their capacity to regulate and hold the on-off switches for criminal prosecutions, trials, and courtroom activity, and enforcing and spending money to enforce court orders, that administer federal rights and national contractual obligations in the State of Florida.

Doc. 1 at 104. But such a conclusory allegation is wholly insufficient to establish that Defendants are subject to suit.

Finally, Plaintiff concludes with a request for an injunction to prohibit the enforcement of court orders, but it appears that Plaintiff's requested injunction is entirely reliant upon the Court declaring *past* conduct unconstitutional and, as such, is not properly prospective in nature. *See* Doc. 1 at 120; *see Lussier v. Dept. of Highway Safety & Motor Vehicles*, 972 F.Supp. 1412, 1418

(M.D. Fla. 1997) ("While *Ex Parte Young* certainly cut a broad swath, its authorization of suits against state officials is limited to suits seeking prospective relief -- that is, relief, such as an injunction, designed to prevent future violations of federal law -- and federal courts will remain without jurisdiction to consider claims against state officials for retrospective relief intended to compensate a plaintiff for past deprivations of federal rights.") (citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347 (1973)).

### 3. Standing

Defendants also seek dismissal because Plaintiff lacks standing to bring suit. The party invoking federal jurisdiction bears the burden of establishing the constitutional requirements for standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). "'[T]o demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a *substantial likelihood that he will suffer injury in the future*.'" *Worthy v. City of Phenix City, Ala.*, 930 F.3d 1206, 1215 (11th Cir. 2019) (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999) (emphasis in original). To establish standing, the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) (citations omitted).

Here, it seems that the alleged "injury in fact" is that Plaintiff witnessed perjury. Plaintiff claims that he "firsthand witnessed in public records, investigation, and multiple live court hearings, more than 10 state witnesses commit more than 50 instances of material perjury in Florida, to give someone life without parole for a crime that didn't happen, invented by police and

others for personal gain."  Doc. 1 at 50.  Plaintiff alleges that he reported and documented the "state-witness perjury," but the Office of Executive Investigations, the FDLE, the Inspector General, the Florida Bar, and police internal affairs did not act.  *Id.*[3]

Assuming Plaintiff witnessed, documented, and reported perjury and his reports went ignored, it is unclear how Plaintiff suffered a sufficient injury in fact for purposes of Article III standing.  "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560).

---

[3] Plaintiff spends 120 pages setting forth allegations related to systemic perjury in the criminal justice system with a focus on his alleged personal experience with "lies" and the perjury that he has witnessed.  *See* Doc. 1.  The undersigned notes, however, that Plaintiff mentions that he was pulled over and detained "without a traffic violation" and the police searched, harassed, and investigated him.  Doc. 1 at 51.  Based on these events, the undersigned can envision an alleged injury in fact.  But it appears that Plaintiff only mentions these events in support of his claim that he has attempted to document the "state-witness" perjury.  The allegation does not otherwise seem tied to Plaintiff's claims and certainly not the requests for relief.  In other words, assuming the allegations can be interpreted to state an "injury in fact," Plaintiff has not shown that the injury is likely to be redressed by a favorable judicial decision.

Further, Plaintiff contends in his Response to the Motion to Dismiss that Plaintiff "described there how police arrested Plaintiff for political speech using perjury (paragraphs 91-95), and how such damage being without remedy afterward creates the need for advance remedy. . .."  Doc. 30 at 2.  A review of these paragraphs does not reflect an allegation related to his arrest.  *See* Doc. 1 at 37 to 39.  Plaintiff cannot amend the allegations in this pleading in his Response to the Motion to Dismiss.  *Pardy & Rodriguez, P.A. v. Allstate Ins. Co.*, 2021 WL 4263357, at *5 (M.D. Fla. Sept. 20, 2021) ("'[I]f claims or theories are nowhere to be found in the complaint, it would be unfair to require a defendant to defend against such claims or theories that it learns of, for the first time, during summary judgment' or, for that matter, in response to a motion to dismiss.") (quoting *GlobeRanger Corp. v. Software AG*, 2014 WL 4968053 (N.D. Tex. Oct. 6, 2014)).

In any event, Plaintiff does allege elsewhere in the Complaint that the police "swore lies about him in an arrest affidavit."  Doc. 1 at 49 to 50, 101.  Assuming those "lies" amount to an injury in fact, the conduct is still not fairly traceable to either Defendant or likely to be addressed through the requested relief as discussed *infra*.

There simply does not appear to be a legally protected interest that was invaded in any regard resulting in the type of harm that would allow Plaintiff to go forth with this suit.

And, even if a protected interest and injury exists, Plaintiff still does not adequately allege that the injury is "fairly traceable" to the Governor or the Chief Justice of the Supreme Court of Florida. Plaintiff's allegations regarding Defendants' involvement are hypothetical, conclusory, and clearly speculative. For standing to exist, there must be "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly. . . trace[able] to the challenged action of the defendant, and not. . . the result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quoting *Simon v. Eastern Ky. Welfare*, U.S. 26, 41-42 (1976)). The undersigned does not find that a causal connection is present.

But even so, Plaintiff's alleged injury is not redressed with a decision in his favor. With respect to the third factor, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. at 561 (quoting *Simon*, 426 U.S. at 38, 43). "Redressability is established . . . when a favorable decision 'would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered.'" *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1260 n.7 (11th Cir. 2010) (quoting *Utah v. Evans*, 536 U.S. 452, 464 (2002)).

Plaintiff gives the Court a wide range of "relief" (*See* Doc. 1 at 111 to 120) but none of it is likely to redress the alleged injury—to the extent one exists—or is even relief that a court may grant. For example, not only is an injunction against "all actors of the State of Florida" from "holding hearings and spending taxpayer funds on court orders" clearly a speculative way to redress Plaintiff's injury, but it is not the type of relief available to Plaintiff in this action. In

general, Plaintiff's requests are so far-fetched that they are beyond the scope of anything that would give Plaintiff standing.[4]

The undersigned notes that Plaintiff seems to contend that he has standing to bring this action because he is a citizen and taxpayer. Doc. 1 at 103. There is "taxpayer standing," which allows a municipal taxpayer to challenge the unconstitutional municipal expenditures from taxes. *Gagliardi v. City of Boca Raton*, 2017 WL 5239570, at *9 (S.D. Fla. Mar. 27, 2017) ("'A municipal taxpayer has standing 'when the taxpayer is a resident who can establish that tax expenditures were used for the offensive practice.'") (quoting *Pelphrey v. Cobb Cty.*, 547 F.3d 1263, 1280 (11th Cir. 2008)). Even a liberal review of the Complaint, however, does not reflect that this type of standing applies.

In sum, the undersigned finds that Plaintiff has not demonstrated that he has standing in this case and, as such, the Complaint is due to be dismissed.[5]

**B.    Order to Show Cause and Motion for Summary Judgment**

Also referred to the undersigned for consideration are Plaintiff's response to the Order to Show Cause and request for summary judgment. Doc. 32. Thus, the undersigned will address Plaintiff's failure to prosecute as an alternative basis to dismiss the case.

By Order dated November 12, 2024, the Court directed the parties "to consult Local Rule 3.02 to determine if this action requires a case management conference and case management report (CMR)," and the Court set the deadline for filing a CMR. Doc. 3. On November 27, 2024,

---

[4] For example, Plaintiff requests that the Court "enjoins [sic] the Florida Constitution which creates illegal mock court activities that do not meet common law norms and traditions and the contract with national law, by creating prosecutorial discretion to use and not prosecute lies." Doc. 1 at 111 to 112.

[5] The undersigned does not reach Defendants' argument that the Complaint is due to be dismissed for failure to state a claim because the undersigned recommends that the case is due to be dismissed for lack of standing and pursuant to the Eleventh Amendment bar.

the Court issued another Order and directed the parties to "comply with Local Rule 3.02 by utilizing the Uniform Case Management Report form, which is available on Judge Mendoza's page on the Middle District of Florida website." Doc. 19.

Plaintiff did not file the CMR within the allotted time and, therefore, the Court directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Doc. 31. In that Order, the Court specified that Plaintiff could cure the failure to comply with the Court's Initial Order and the Local Rules by filing the CMR. *Id*. The Court warned that the failure to comply with the Order may result in the dismissal of the case without further notice. *Id*.

Plaintiff filed a Response to the Order to Show Cause but does not adequately explain why Plaintiff has failed to comply with the Court's Initial Order and the Local Rules. Plaintiff states that he has not filed the CMR because "Defendants have not indicated any dispute of the factual allegations in the Complaint, and do not indicate that there is any factual dispute needing a schedule to resolve." Doc. 32 at 1. Plaintiff states that he "cannot imagine any other meaning for conferring on a schedule, than to discuss what matters are disputed and how, and therefore how much time will be needed to discover and resolve the disputes using what types of witnesses." *Id*. at 2. Plaintiff adds that he has emailed Defendants with a list of questions "the answers to which would provide an informal response summary, giving an idea which of Plaintiff's allegations the Defendants intend to dispute," but Defendants refuse to respond. *Id*. 1 to 2. Plaintiff concludes that he "does not believe any honest dispute of Plaintiff's factual allegations or discovery to support such a dispute is possible" and moves for the Court to grant summary judgment. *Id*. at 3.

Neither Local Rule 3.02 nor the Court's Orders provide for a party to opt-out of filing a CMR because the party does not believe there is a factual dispute. *See* Docs. 4, 19; Local Rule 3.02. And Local Rule 3.10 provides that "[a] plaintiff's failure to prosecute diligently can result

in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Further, the Court made clear that a CMR was due in accordance with the Court's Initial Order and the Local Rules (Doc. 31), and Plaintiff's response does not adequately explain the delay or the failure to comply. To date, there is no CMR before the Court.

The undersigned recommends that the case is subject to dismissal because Plaintiff is still not prosecuting this matter in compliance with the Local Rules and the Court's Orders and has not demonstrated diligence or just cause for the delay in filing the CMR. *See* Local Rule 3.10; Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

If the Court agrees, it need not reach Plaintiff's request for summary judgment. But, if the Court finds that the case should proceed, the undersigned recommends that the Motion for Summary Judgment is due to be denied. Generally, "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013); *see also Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion.") (citing *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988)).

Here, the case is in its infancy, no meaningful discovery has taken place (*See* Doc. 33), and the parties have not even conducted their case management conference. *See* Doc. 36 at 2.[6] In fact, the discovery deadline has not been set because there is CMR and no case management scheduling order. Accordingly, the undersigned finds Plaintiff's request for summary judgment to be premature. *See, e.g., Jackson v. Corizon Health, Inc.*, 2019 WL 6525946, at *2 (M.D. Fla. Dec. 4, 2019) (finding summary judgment premature where "[a]s is evident from the brief procedural history of this case, the . . . [m]otion precedes not only [d]efendant's response to the [a]mended [c]omplaint, but also the exchange of discovery between the parties."); *see also Asphalt Paving Sys. Inc. v. Blacklidge Emulsions, Inc.*, 2022 WL 88139, at *2 (M.D. Fla. Jan. 7, 2022) ("A premature decision on summary judgment impermissibly deprives the opposing party of its right to utilize the discovery process to discover the facts necessary to justify its opposition to the motion.") (citation omitted). Finally, the undersigned finds that a hearing to consider "all outstanding matters" is not warranted at this juncture.

## II.    Conclusion

For the reasons set forth herein, it is **RECOMMENDED** that the Court **GRANT in part** the Motion to Dismiss (Doc. 29) to the extent that the case be **DISMISSED** for lack of standing and due to the Eleventh Amendment bar to Plaintiff's claims and **DENY as moot** the remainder of the Motion to Dismiss.

---

[6] According to Defendants, on March 11, 2025, after the Court issued the Order to Show Cause, Plaintiff emailed Defendants' counsel to confer on the CMR, but the email included the list of 14 questions related to the allegations. Doc. 36 at 2. In response, Defendants counsel represents that she responded with options for the conferral, but Plaintiff refused to participate without answers to his questions. *Id*.

Alternatively, the undersigned recommends that the Court has sufficient grounds to **DISMISS** the case for failure prosecute and for a failure to comply with the Court's Orders and Local Rules.

In either situation, the undersigned recommends that the Court **DENY** the Motion for Summary Judgment (Doc. 32) and Plaintiff's request for a hearing—either as moot if the Court dismisses the case, or as premature if the Court does not.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 7, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

13